UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-56 JD |
| THOMAS SCOTT SPANGLE | |

**OPINION AND ORDER**

The defendant, Thomas Spangle, has moved through counsel to request a reduction in his sentence pursuant to the retroactive provisions of Amendment 821 to the United States Sentencing Guidelines. (DE 72.) The Government opposes this motion. For the following reasons this motion will be granted.

**A. Background**

On June 7, 2022, Mr. Spangle was adjudged guilty, after pleading guilty, of one count of Receipt of Child Pornography After Having Been Previously Convicted of Distributing Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1). (DE 50.) Mr. Spangle was then sentenced to 210 months of imprisonment on June 21, 2023. (DE 53.) Mr. Spangle is currently scheduled to be released from BOP custody on April 20, 2038. At sentencing, the Court found Mr. Spangle's total offense level to be 35 and that he had five criminal history points, placing him in Criminal History Category III. This resulted in a Guidelines range of 210 to 262 months of imprisonment.[1]

---

[1] There was a statutory mandatory minimum sentence of 15 years (180 months). (DE 56 ¶¶ 83–84.)

The criminal history calculation was three points based on Mr. Spangle's prior conviction for Distribution of Child Pornography, and two additional points for committing the instant offense while serving a criminal justice sentence—"status points"— pursuant to the then-applicable Guidelines § 4A1.1(d). (DE 56 ¶¶ 48–50.) The offense level calculation featured a base offense level of 22 and included several enhancements, often applied in such offenses, based on Mr. Spangle's offense conduct. Mr. Spangle's adjusted offense level was 38 and reduced by three levels to account for his acceptance of responsibility, producing a total offense level of 35. (*Id.* ¶¶ 40–44.)

**B. Legal Authority**

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's Guidelines range has been lowered after sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of any reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the circumstances of the case. *Id.*

**C. Discussion**

Mr. Spangle argues he is eligible for a reduction in sentence based upon the retroactive amendment to the assessment of status points. Under his initial Guidelines calculation Mr. Spangle received two status points, while under the new version of the Guidelines he would receive zero status points. U.S.S.G. § 4A1.1(e). This would change Mr. Spangle's criminal history points from five to three and place him in Category II instead of Category III. Coupled with his offense level of 35, this would result in a new Guidelines range of 188 to 235 months of imprisonment. Mr. Spangle argues that in light of Amendment 821 he merits a reduced sentence of 188 months. This sentence would be at the low end of the new Guidelines range, mirroring the relative position of his original sentence.

The Government agrees that Mr. Spangle is eligible for a sentencing reduction pursuant to Amendment 821 but argues that the Court should deny such a reduction in its discretion. The Government points to the reprehensibility of Mr. Spangle's offense conduct, following a conviction for Distribution of Child Pornography and committed while under supervised release, as well as his limited history of sanctions while incarcerated. The Government also cites several letters from the victims of his underlying offense. (DE 88.)

As it relates to Mr. Spangle's three sanctions in the BOP, those occurred in 2015 and 2016, while serving his sentence for Distribution of Child Pornography. Disciplinary sanctions while in BOP custody, particularly repeated violations, are cause for concern and generally weigh against granting a reduction. That said, the nature of the sanctions is relevant. Here, the sanctions are dated and appear relatively minor. Relative to his current performance in custody—admittedly a short period of time—he has attained no sanctions and appears generally respectful of prison staff.

The Court must also maintain its consideration from the original sentencing of mitigating factors related to Mr. Spangle's personal characteristics. He is a paraplegic and suffers from several medical conditions which will likely worsen with age. As a result, his term of imprisonment is likely rendered more difficult. And his counsel represents that he has good family support, reflected by the fact that his sister assumed custody of him during his pretrial release and that he appears a candidate for "direct home confinement." (DE 95-1 at 2.)

The Government raises several arguments under 3553(a) in support of the denial of the request. The Court recognizes the reprehensibility of Mr. Spangle's conduct. He committed a deplorable offense, as reflected by the letters received from his victims. And his conduct is aggravated by his prior offense, the nature of the depictions, and that he accessed those depictions during the time of supervision, suggesting a lack of respect for the law and a greater likelihood to reoffend. The Government also cites public safety factors. But that argument is undermined, as noted by defense counsel, by the fact that the Government did not oppose Mr. Spangle's pretrial release nor object to his release pending his assignment to the BOP. As well, the Court disagrees that a reduction of sentence would have a detrimental effect on his future conduct. After all, even with the proposed reduction of twenty-two months, Mr. Spangle would remain incarcerated for an extended period of time (until approximately 2036 at which time he will be fifty-six years old) and face a fifteen-year term of supervised release during which his conduct will be closely monitored. Finally, the Government provides Victim Impact Statements from some of the children depicted in the child pornography, the subject of the instant offense. To be sure, the impact of the crimes committed against them has been heartbreaking and devastating, with no end in sight. People like Mr. Spangle, who perpetuate that harm by continuing to view the depictions, contribute to their trauma. But the Court is mindful of the fact

that the letters were received prior to sentencing and were not created specifically to oppose a reduction based upon a change in the law.

In the final analysis, the law has changed in Mr. Spangle's favor. In fashioning the original sentence, the Court had no way of anticipating Amendment 821 or factoring its effect into the sentence. Further, as noted above, much of Mr. Spangle's specific offense conduct was reflected in the Guidelines calculations through offense level enhancements. Based on this original Guidelines recommendation, the Court's initial § 3553(a) analysis found a sentence at the low end of the Guidelines range to be appropriate. That was consistent with the recommendation of the Government. And it seems unlikely that the Government would have strayed from a low-end recommendation given a lower criminal history score and Guidelines range. With the subsequent change in law, a sentence at the low end of the revised Guidelines range is appropriate now as well.

### D. Conclusion

Accordingly, the motion for a reduction in sentence is GRANTED. (DE 72.) The Court ORDERS that Mr. Spangle's sentence be AMENDED to a sentence of 188 months. This order will not disturb any other provision of the previously imposed sentence.

SO ORDERED.

ENTERED: November 22, 2024

                                                                /s/ JON E. DEGUILIO
                                                                Judge
                                                                United States District Court